UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____
N<u>o</u> 06-CV-4746 (JFB) (ETB)
_____

ANTHONY CONTE,

Plaintiff,

VERSUS

The COUNTY OF NASSAU, the NASSAU DISTRICT ATTORNEY'S OFFICE, former Nassau County District Attorney DENIS DILLON, Nassau County District Attorney KATHERINE RICE, Assistant District Attorneys ROBERT EMMONS, PHILIP WASILAUSKY, WILLIAM WALLACE, CHRISTINA SARDO, Nassau County Special Investigator MICHAEL FALZARNO, the CITY OF NEW YORK, the NEW YORK CITY POLICE DEPARTMENT, NYPD Advocate's Office Attorney LISA BLAND, Deputy Commissioner of the NYPD ROBERT VINAL, NYPD Detective TEFTA SHASKA, LARRY GUERRA, RHODA ZWICKER AND "JOHN AND JANE DOES, 1-20," unknown individuals and officials of the Nassau County District Attorney's Office, in their individual and official capacities,

Defendants.
_____

**MEMORANDUM AND ORDER**
February 13, 2009
_____

JOSEPH F. BIANCO, District Judge:

*Pro se* plaintiff Anthony Conte ("Conte" or "plaintiff") brings this action against the County of Nassau (the "County"), the Nassau County District Attorney's Office (the "NCDAO"), former Nassau County District Attorney Denis Dillon ("Dillon"), Nassau County District Attorney Katherine Rice ("Rice"), Assistant District Attorneys Robert Emmons ("Emmons"), Philip Wasilausky ("Wasilausky"), William Wallace ("Wallace"), Christina Sardo ("Sardo"), Nassau County Special Investigator Michael Falzarno ("Falzarno") (collectively, the "County Defendants"), the City of New York (the "City"), the New York City Police Department ("NYPD"), NYPD Advocate's Office Attorney Lisa Bland ("Bland"), Deputy Commissioner of the NYPD Robert Vinal ("Vinal") (collectively, the "City Defendants"), NYPD Detective Tefta Shaska ("Shaska"), Larry Guerra ("Guerra"), and "John and Jane Does, 1-20," unknown individuals and employees of the NCDAO, in their individual and official capacities

(collectively, "defendants"), alleging false arrest, false imprisonment, malicious prosecution, municipal liability, abuse of process, conspiracy, "neglect to prevent," and defamation, pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1988, Lanham Act violations pursuant to 15 U.S.C. § 1125(a), and various state law tort claims, all arising from the allegedly unlawful investigation and prosecution of Conte.

On March 31, 2008, the Court issued a Memorandum and Order, among other things, denying *pro se* defendant Larry Guerra's motion for judgment on the pleadings under Rule 12(c) on the federal and state claims against him. Mr. Guerra has moved for reconsideration of this Court's denial of his motion. For the reasons that follow, defendant Guerra's reconsideration motion is denied.

I. BACKGROUND

A. The Facts

The Court presumes the parties' familiarity with the underlying facts of this case, as set forth in this Court's previous decision. Thus, for the purposes of resolving the instant motion, the Court briefly recites the holding that plaintiff asks this Court to reconsider.

By Memorandum and Order dated March 31, 2008 (hereinafter, the "Decision") this Court granted in part and denied in part defendants' Rule 12(c) motions for judgment on the pleadings. Specifically, the defendants' motion to dismiss was (1) granted with respect to all claims against the defendants City of New York, the New York City Police Department, the Nassau County District Attorney's Office, and individual defendants Dillon, Rice, Bland and Vinal, (2) granted as to plaintiff's Section 1985 claim, Section 1986 claim, due process and equal protection claims, and the Lanham Act claims, (3) granted as to any claims brought against the individual County defendants in their official capacity (because such claims are duplicative of the *Monell* claim). However, the defendants' motions were denied in all other respects.

In the Decision, with respect to defendant Guerra, the Court concluded that the Section 1983 conspiracy claim against Guerra could not be dismissed prior to discovery because the Second Amended Complaint contained allegations of a plausible Section 1983 conspiracy claim involving Guerra, his wife (defendant Tefta Shaska), and the County defendants in arresting and prosecuting plaintiff, and defaming plaintiff during the course of soliciting complaints against him. *See* Decision at 6, 35-36. The Court also found that state claims against Guerra survive a motion to dismiss.

II. STANDARD OF REVIEW

Motions for reconsideration may be filed pursuant to Federal Rules of Civil Procedure 59(e). The decision to grant or deny a motion for reconsideration falls squarely within the discretion of the district court. *See Devlin v. Transp. Comm'ns Int'l Union*, 175 F.3d 121, 132 (2d Cir. 1999). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d

2

255, 257 (2d Cir. 1995) (internal citations omitted). Similarly, Local Civil Rule 6.3 provides that a party moving for reconsideration must "set[] forth concisely the matters or controlling decisions which [the party] believes the court has overlooked." In any event, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000); *see also Medoy v. Warnaco Emples. Long Term Disability Ins. Plan*, No. 97 Civ. 6612 (SJ), 2006 U.S. Dist. LEXIS 7635, at *4 (E.D.N.Y. Feb. 14, 2006) ("The standard . . . is strict in order to dissuade repetitive arguments on issues that have already been considered fully by the Court.").

### III. DISCUSSION

Guerra has not pointed to any controlling decisions, or part of the record, that the Court overlooked. Instead, Guerra's reconsideration motion is essentially a reiteration of the same arguments put forth in his original moving papers, which incorporated arguments by other defendants, that were fully considered and denied in the March 31, 2008 Memorandum and Order. However, a motion for reconsideration "is not one in which a party may reargue 'those issues already considered when a party does not like the way the original motion was resolved.'" *Joseph v. Manhattan & Bronx Surface Transit Operating Auth.*, 96 Civ. 9015 (DAB), 2006 U.S. Dist. LEXIS 11924, at *4 (S.D.N.Y. Mar. 21, 2006) (*quoting Houbigant, Inc. v. ACB Mercantile (In re Houbigant, Inc.)*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996)). As briefly discussed below, Guerra fails to demonstrate that reconsideration is warranted and, thus, the motion is denied.

First, in the reconsideration motion, Guerra attempts to re-argue that he is a private actor and, thus, cannot have liability under Section 1983. However, the Court fully considered his arguments in the context of the controlling legal precedent and the allegations in the Second Amended Complaint and concluded that the allegations of conspiracy between Guerra and the state actors in the Second Amended Complaint were sufficient at the motion to dismiss stage. Specifically, the Court explained:

> [T]o the extent that defendants argue that Shaska and Guerra were acting as private actors and therefore cannot be part of a Section 1983 conspiracy, the Court finds that argument to be inapposite. For a private actor to be considered acting under the color of state law for the purposes of Section 1983, that private actor must be "'a willful participant in joint activity with the State or its agents.'" *See Ciambriello*, 292 F.3d at 324 (quoting *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 152 (1970)) (citation omitted); *see also Fiske*, 401 F. Supp. 2d at 377 ("Communications between a private and a state actor, without facts supporting a concerted effort or plan between the parties, are insufficient to make the private party a state actor."). "[A] private party who calls

3

the police for assistance does not become a state actor unless the police were influenced in their choice of procedure or were under the control of a private party." *Fiske*, 401 F. Supp. 2d at 377; *see also Alexis v. McDonald's Rests. of Mass., Inc.*, 67 F.3d 341, 345, 352 (1st Cir. 1995) (holding that restaurant manager was not a state actor, although manager told the police officer she "would like [an unruly customer] to leave" and officer thereafter forcibly removed customer from restaurant, because there was no evidence that the officer substituted the manager's judgment for his own); *Moore v. Marketplace Rest., Inc.*, 754 F.2d 1336, 1352-53 (7th Cir. 1985) (holding, where there was no evidence of "concerted effort or plan" between a restaurant owner and police officer, owner was not a state actor simply because owner reported customers to officer and told officer where to find them and customers were subsequently arrested by police officer); *Benavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir. 1983) ("[M]ere furnishing of information to police officers does not constitute joint action under color of state law which renders a private citizen liable under § 1983."); *Johns v. Home Depot U.S.A., Inc.*, 221 F.R.D. 400, 404 (S.D.N.Y. 2004) (holding that private party who calls for police assistance is not rendered a state actor under § 1983 even if the call caused plaintiff's detainment).

The mere fact that Guerra filed a complaint against plaintiff would not, in itself, be enough to render Guerra as a state actor. However, the complaint also alleges, and defendants do not dispute, that Shaska is a NYPD detective, and that Guerra and Shaska also have a close personal relationship – namely, plaintiff alleges that they are married. Thus, plaintiff is alleging that Detective Shaska was under the control or influence of Guerra based upon their personal relationship and that Guerra was part of the conspiracy with the County Defendants to deprive him of his rights. Taken as a whole, plaintiff's allegations adequately plead that the County defendants conspired with Shaska and Guerra, in arresting and prosecuting plaintiff, and defaming plaintiff during the course of soliciting complaints against him. Accordingly, plaintiff's Section 1983 conspiracy claim survives the motion to dismiss.

(Decision, at 25-26.)

Although quoting the Court's decision in his reconsideration motion, Guerra suggests that the evidence will not support the existence of any such conspiracy:

> Once again, Defendant Guerra argues that he was acting as a private actor and not under the color of state law. Specifically, because he never filed a complaint with Defendant Shaska or any other employee of the NYPD. It's been established by former City Defendant that no investigation of the plaintiff was conducted by the NYPD, nor was the plaintiff arrested or detained by any of its members. Once again, a warrant was issued on the plaintiff because of the complaint filed by Joseph Cutolo. It is clear that some sort of investigation was triggered by the complaint as well. Defendant Guerra questions what "control or influence" he had over Defendant Shaska considering she never investigated, arrested or detained the plaintiff.

(Motion for Reconsideration, at 4-5.) Guerra later adds the following: "Defendant Guerra has never made a complaint to the NYPD or to Defendant Shaska, who is also his wife. The defendant had conversations with Defendant Shaska as husband and wife and Defendant Shaska was never part of any arrest, investigation or detainment of the plaintiff. The defendant had every right to discuss the situation with his wife and had every right to check out the plaintiff's references." (*Id*. at 7.) Guerra also argues the merits regarding the validity of the complaints that were made by various businesses about plaintiff. (*See* Motion for Reconsideration, at 6 ("Based on the complaint as well as the referred attachments the plaintiff included in his complaint, it's apparent the plaintiff had numerous problem relationships with numerous route distributors.").)

None of these arguments, or any other arguments made by Guerra, warrant reconsideration of the Court's Decision on his Rule 12(c) motion. As a threshold matter, Guerra appears to misunderstand the plaintiff's conspiracy claim. Guerra contends that the abence of an arrest or detainment by defendant Shaska or the NYPD precludes a conspiracy claim. However, it is plaintiff's allegation that Guerra, with the assistance of NYPD Detective Shaska, conspired with the County Defendants to violate plaintiff's constitutional rights through the actions of the County Defendants, rather than through any arrest or prosecution by the NYPD. In fact, the Court explained in the March 31, 2008 Memorandum and Order the allegations made by plaintiff supporting the federal and state claims against Guerra and Shaska:

> As discussed *supra*, Shaska and Guerra are clearly alleged to be substantial participants in plaintiff's Section 1983 conspiracy claim. Specifically, plaintiff argues that Guerra, with the help of Shaska, "engaged in a scheme with the other state actor defendants to falsely accuse the plaintiff and his business of being frauds and illegitimate to their

5

route distributors and print vendors, destroying plaintiff's business and effectively helping others under color of law to take it from him without due process." (Pl.'s Resp. to Guerra, at 5; *see also* Pl.'s Resp. to Shaska, at 5.) Plaintiff specifically alleges that Guerra, in concert with Shaska and Wallace, contacted the plaintiff's printers and route distributors and falsely told them that the plaintiff and his publishing business were frauds and crooks. He further alleges that all the defendants acted in a conspiracy to deprive him of his civil rights by agreeing to and spreading falsehoods of and concerning criminal activity engaged in by the plaintiff to his route distributors and vendors, destroying his publishing business and then conspiring to cover up and hide the civil rights violations they engaged in.

Given that Shaska and Guerra are an integral part of the alleged conspiracy, especially because Conte alleges that they acted in concert with the County Defendants to deprive him of his rights, the Court cannot conclude at this stage that the claims against them should be dismissed. Shaska and Guerra's connections to the other parties and Conte's allegations regarding the dissemination of information between all these parties, are sufficiently pled in the complaint for plaintiff's claims to survive a motion to dismiss. Accordingly, the Court will not dismiss plaintiff's claims against Shaska or Guerra.

(Decision, at 35-36.)

Moreover, although Guerra points to evidence that he believes undermines the veracity of plaintiff's claims, such judgments on the merits are not appropriate at the motion to dismiss stage. In other words, in connection with a Rule 12(c) motion, the allegations of the Second Amended Complaint are taken to be true. *See Nicholas v. Goord*, 430 F.3d 652, 658 n.8 (2d Cir. 2005)*; see also Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). Although the Court can (and did) consider documents attached to the pleadings in considering the allegations, the Court was unable to conclude, pursuant to the Rule 12(c) standard, that the Section 1983 claim or the pendent state law claims against Guerra should be dismissed. Because the Court concluded that the claims were plausible, the motion was properly denied. *See Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007). Of course, at the conclusion of discovery, Guerra and the other defendants will be permitted to make a motion for summary judgment if they wish to argue to the Court that the evidence obtained in discovery is legally insufficient to support any such claims. However, Guerra has failed to provide any basis for reconsideration of the Court's March 31, 2008 Memorandum and Order.

## IV. Conclusion

For the foregoing reasons, defendant Guerra's motion for reconsideration is DENIED in its entirety.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: February 13, 2009
Central Islip, NY

\* \* \*

Plaintiff Anthony Conte is *pro se*. The County Defendants are represented by Lorna B. Goodman, Esq., of the Nassau County Attorney's Office, 1 West Street, Mineola, New York 11501. The City Defendants are represented by Douglas W. Heim, Esq., Assistant Corporation Counsel of the City of New York, 100 Church Street, Room 3-153, New York, New York 10007. Defendant Tefta Shaska is represented by James M. Moschella, Esq., of Karasyk & Moschella, LLP, 225 Broadway, 32nd Floor, New York, New York 10007. Defendant Anthony Guerra is *pro se*.